Frederick W. Lee (Calif. State Bar # 201516)
Law Offices of Frederick W. Lee APC
500 N. State College Blvd., Suite 1200
Orange, California 92868
Tel: (714) 634-1234
Fax: (714) 937-8957
fredleelaw@gmail.com

Frederic M. Douglas (Calif. State Bar # 212778)
Attorney At Law
15333 Culver Drive, Suite 340
Irvine, California 92604-3051
Tel: (949) 293-0442
Fax: (949) 203-8768
fdouglas@cox.net

Attorneys for Plaintiffs
AMANN USA Inc. and JASON LEE

# THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| AMANN USA INC., a California Corporation, JASON LEE, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>SNOWY VILLAGE USA, INC., a California corporation; SNOWY VILLAGE INTERNATIONAL, LLC, a California Limited Liability Corporation; DENNY CHANG K. YI, an individual; DOES 1-10, inclusive,<br><br>Defendants<br><br>AND RELATED COUNTERCLAIMS | Case No.: 8:17-cv-01200-JLS-DFM<br><br>**PLAINTIFFS AMANN USAS INC. & JASON LEE'S RESPONSE IN OPPOSITION TO DEFENDANTS SNOWY VILLAGE USA, INC. & DENNY CHANG K. YI'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**Judge: Hon. Josephine L. Staton**<br><br>**Complaint Filed: July 13, 2017**<br>**First Amended Complaint Filed: September 22, 2017**<br>**Fact Discovery Cutoff: September 25, 2018**<br>**Pre-Trial Conference: January 25, 2019** |

**PLAINTIFFS' OPPOSITION TO MSJ   - 1**

# Table of Contents

1.0   FACTUAL BACKGROUND ...................................................... 7

2.0   LEGAL STANDARD FOR ENTRY OF SUMMARY JUDGMENT ............................. 9

4.0   COUNT 2 - UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & pROF. cODE §§ 17200 and 17500, et. seq.............................................. 14

5.0   COUNT 3 - FEDERAL TRADE DRESS INFRINGEMENT ............................... 17

6.0   COUNT 4 - COMMON LAW UNFAIR COMPETITION LAW ............................. 20

7.0   COUNT 5 - COMMON LAW TRADEMARK INFRINGEMENT ............................. 21

8.0   COUNT 6 - INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS ............ 23

10.0  COUNT 7 - INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS ... 24

11.0  COUNT 8 - BREACH OF CONFIDENCE .......................................... 26

12.0  COUNT 9 - PROMISSORY ESTOPPEL ........................................... 27

13.0  COUNT 10 - CANCELLATION OF TRADEMARK REGISTRATION - REGISTRATION NO. 5281950 .......................................................................... 27

14.0  COUNT 11 - CANCELLATION OF TRADEMARK REGISTRATION - SNOWY VILLAGE ........ 29

15.0  CONCLUSION .............................................................. 29

**PLAINTIFFS' OPPOSITION TO MSJ  - 2**

## Cases

*Abrams & Fox, Inc. v. Briney,* 39 Cal. App. 3d 604, 608 (1974)...................23

*Allen v. Powell,* 248 Cal. App. 2d 502, 507-508 (1967) ........................23

*American Petrofina v Petrofina of Calif,* 596 F.2d 896, 897 (9th Cir. 1979) ........................21

*Ball v. American Trial Lawyers Ass'n,* 14 Cal. App.3d 289, 303 (1971) ........................20

*Ball v. American Trial Lawyers Ass'n,* 14 Cal.App.3d 289, 308 (1971) ........................20

*Blank v. Kirwan,* 39 Cal. 3d 311, 330-31 (1985)........................24

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-32 (1986) ........................8

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-32 (1986); *Carter v. Exxon Co.,* 177 F.3d 197, 202 (3d Cir. 1999).......14

*Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F. 3d 1252, 1260-61 (9th Cir. 2001). ........................18

*Clorox Co. Puerto Rico v. Procter & Gamble Commercial Co.,* 228 F.3d 24 (1st Cir. 2000) ........................13

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 244 (9th Cir. 2000) ........................10

*Dep't of Parks & Recreation for State of cal. V. Bazaar Del Mundo Inc.,* 448 F.3d 1118, 1131 (9th Cir. 2006) ......16

*Dickenson v. Samples,* 104 Cal. App. 2d 311, 316 (1951).........................23

*Disc Golf Association, Inc. v. Champion Discs, Inc.,* 158 F.3d 1002, 1005 N. 3 (9th Cir. 1998) ...............18

*Donahue v. Ziv Television Programs, Inc.,* 245 Cal. App. 2d 593, 605 (1966).........................26

*Dryden v. Tri-Valley Growers,* 65 Cal. App. 3d 990, 995-96 (1977).........................23

*Dryden v. Tri-Valley Growers,* 65 Cal. App. 3d 990, 997 (1977) ........................23

*Eltolad Music, Inc. v. April Music, Inc.,* 139 Cal. App. 3d 697, 703 (1983).........................25

*Farmers Ins. Exch. v. State of California,* 175 Cal. App. 3d 494, 506 (1985)....23

*Freed v. Manchester Servs., Inc.,* 165 Cal. App. 2d 186, 189 (1958). ........................24

*GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1204 n. 3 (9th Cir. 2000) ........................16

*Hickson Corp. v. Northern Crossarm Co., Inc.,* 357 F.3d 1256, 1260 (11th Cir. 2004 ........................10

*Hokto Kinoko Co. v. Concord Farms, Inc.,* 738 F.3d 1085, 1097 (9th Cir. 2013) ........................28

*International Order of Job's Daughters v. Lindeburg and Company,* 633 F.2d 912, 916 (9th Cir. 1980)...........20

**PLAINTIFFS' OPPOSITION TO MSJ   - 3**

*Juan Pollo Franchising, Inc. v. B & K Pollo Enterprises, Inc.*, slip opinion, Case No. 5:13-cv-02010-JGB-SP, p. 3 (C.D. Cal., Aug. 6, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Kanady v. GMAC Mortg., LLC*, 2010 WL 4010289, at * 10 (E.D. Cal. , Oct. 13, 2010) . . . . . . . . . . . . . . . . . . . 16

*LiMandri v. Judkins*, 52 Cal. App. 4th 326, 344, 60 Cal. Rptr. 539, 548 (1997) . . . . . . . . . . . . . . . . . . . . . . . . 23

*Merchant & Evans v. Roosevelt Bldg. Pro*, 963 F.2d 628, 633 (3d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1224 (11th Cir. 2008) . . . . . . . . . . . . . . . . . . . 10

*Ojala v. Bohlin*, 178 Cal. App. 2d 292, 300, 2 Cal. Rptr. 919 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Pinel v. Aurora Loan Services, LLC*, 814 F. Supp. 2d 930, 937 (N.D. Cal. 2011). . . . . . . . . . . . . . . . . . . . . . . . . 15

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Rachel v. Banana Republic, Inc.* 831 F.2d 1503, 1506 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Ramona Manor Convalescent Hosp. v. Care Enters.*, 177 Cal. App. 3d 1120, 1130-31 (1986). . . . . . . . . . . . . . . . 24

*S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 232 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.*, 36 Cal. 3d 752, 765 (1984) . . . . . . . . . . . . . . . . . . . . . . 23

*Shamblin v. Berge*, 166 Cal. App. 3d 118, 123 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Talking Rain Beverage Co. Inc. v. S. Beach Beverage Co.*, 349 F.3d 601, 603 (9th Cir. 2003) . . . . . . . . . . . . . . . 16

*Tele-Count Engineers, Inc. v. Pacific Telephone*, 168 Cal. App. 3d 455, 462 (1985). . . . . . . . . . . . . . . . . . . . . . . 25

*The New West Corporation v. NYM Company of California*, 595 F.2d 1194, 1201 (9th Cir. 1979) . . . . . . . . . . . . . 22

*U-Haul Intl., Inc. v. Jartan, Inc.*, 793 F.2d 1034 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Westside Ctr. Assocs. v. Safeway Stores, 23, Inc.,* 42 Cal. App. 4th 507, 524, 528 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## Statutes

15 U.S.C. § 1125(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cal. Bus. & Prof. Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal. Bus. & Prof. Code §§14202, 14250 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**PLAINTIFFS' OPPOSITION TO MSJ  – 4**

Cal. Bus. & Prof. Code §14259. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Cal. Penal Code § 470. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## Rules

Fed. R. Civ. P. 56(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rules of Civil Procedure 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LRCiv 56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LRCiv 7.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Treatises

Thomas McCarthy, Trademarks And Unfair Competition § 18:11 (4th ed. 2001). . . . . . . . . . . . . . . . . . . . . . . 22

**PLAINTIFFS' OPPOSITION TO MSJ  - 5**

Plaintiffs, AMANN USA INC. and JASON LEE (collectively, "Plaintiffs") respectfully submit their Response in Opposition to Defendants' Motion for Summary Judgment (the "Motion" Dkt. No. 51), filed and served on October 5, 2018. The Plaintiffs submit this response pursuant to the time provided for under Federal Rules of Civil Procedure 6 and L.R. 7-9 and 7-11.

The response is based on the below memorandum of points and authorities, the pleadings and documents on file in this action, declarations, any permitted oral argument, and any other matter upon which this Court takes notice.

Defendants' Motion is dead on arrival, failing to make even a skeletal case for considering the elements of each of Plaintiffs' causes of action in the First Amended Complaint. Instead, Defendants' Motion only brushes past a few elements of some of the causes of action, analyzes elements not comprised in any of the causes of action, and concludes that they have met their burden. The structure of the Motion is to group together the various causes of action and confusingly address only one or two elements while avoiding controverting evidence.

To facilitate a full consideration of Plaintiff's causes of action, Plaintiffs herein present in sequence the elements of each cause of action, supported by the factual allegations in the First Amended Complaint, to more clearly point out the gaps in Defendants' Motion on each count.

**PLAINTIFFS' OPPOSITION TO MSJ  - 6**

It is noted that if the Defendants had complied with L.R. 7-3's requirement for a pre-filing conference to "discuss thoroughly, preferably in person, the substance of the contemplated motion," Plaintiffs' counsel could have easily pointed out the basic elements of each cause of action that the Defendants failed to address. If the Defendants considered the pre-filing conference requirement to not be a trivial formality easily ignored, the Motion could have been better crafted. Instead, Defendants, and this Court, must spend time addressing the Motion that Defendants filed, not the Motion that Defendants should have filed.

Because the Defendants' Motion provides absolutely no proposed Conclusions of Law and fails to mention alleged "Undisputed Issues of Material Fact" that address the omitted elements of each cause of action, Plaintiffs have prepared in a concurrently filed document a table of Conclusions of Law and a table of Genuine Disputes of Material Fact, to illustrate the situation in which none of the Plaintiffs' causes of action may be decided at this time before trial. Thus, Defendants' Motion should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.0    FACTUAL BACKGROUND

Plaintiffs market, distribute, and sell products and services using their own intellectual property rights, including under the trademark SNOWY VILLAGE, and associated logo design trademarks ("Plaintiffs' Trademarks").

Plaintiffs are jointly the exclusive licensees and authorized franchisees and users under a contractual relationship with a Korean company, AMANN CORPORATION, Co., Ltd. ("AMANN Korea"), whose principal officer is Ick Jae Kim.

Plaintiffs maintain claims for unfair competition under the Lanham Act and California law; federal trade dress infringement; common law unfair competition; common law trademark infringement, intentional interference with contractual relations; intentional interference with prospective economic relations; breach of confidence; promissory estoppel, and cancellation of two trademark registrations, due to fraud, against Defendants.

Plaintiffs maintain that the parties did not enter into the "Master Agency and Distribution Agreement" but Defendants or Defendants' associates forged or uttered the signature of Plaintiffs' business partner Ick Jae Kim by affixing or writing a facsimile of Ick Jae Kim's signature to defraud third parties to believe that Ick Jae Kim and Plaintiffs appointed Defendants as the "exclusive agency and distributor in the North and South America." Plaintiffs did not breach any written agreement as neither Plaintiffs nor did Ick Jae Kim enter into any written agreement with Defendants. Defendants made material false representations regarding Plaintiffs' right involving the Snowy Village business.

Defendants' false claims of ownership and false claims to the exclusive use of trademarks and Plaintiffs' Confidential Information, which Defendants registered and

applied to register through fraud and passing off forged franchise documents, have caused third parties to rely on the material misrepresentations to collect and demand payment from the third parties to Plaintiffs' detriment. Plaintiffs, the true owners, and franchisors of the relevant restaurants and cafes are prevented from collecting and realizing revenue from franchise and licensing agreements with the same third parties that have been defrauded by the Plaintiffs.

## 2.0    LEGAL STANDARD FOR ENTRY OF SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The moving party bears the burden of proving that there are no genuine issues of material fact in dispute.[2] An issue of material fact is said to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] When considering a motion for summary judgment, a court must view all facts and inferences in a light most favorable to the nonmoving party.[4]

## 3.0    COUNT 1 - UNFAIR COMPETITION, FALSE DESIGNATION OF

[1] *See*, Fed. R. Civ. P. 56(c).
[2] *See*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-32 (1986); *Carter v. Exxon Co.*, 177 F.3d 197, 202 (3d Cir. 1999).
[3] *See*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[4] *See*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(A)**

Defendants have critically failed to submit admissible evidence in support of its Motion to resolve issues of fact as to all elements of this cause of action. In fact, Defendants did not even mention all of the elements of this cause of action. The elements of the unfair competition cause of action under the Lanham Act, 15 U.S.C. § 1125(a) ("Lanham Act Unfair Competition") are: (1) Defendants use in commerce a word, term, name, symbol or device or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact; (2) in connection with any goods or services; (3) wherein the false or misleading statements are likely to cause confusion or to deceive as to affiliation, connection, or association of Defendants with Plaintiffs or another person (e.g., Ick Jae Kim or Amann Korea), or as to the origin, sponsorship, or approval of Defendants' own goods, services, or commercial activities by another person (e.g., Ick Jae Kim or Amann Korea); or Defendants' commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of another person's goods, services, or commercial activities.[5]

---

[5] *See*, 15 U.S.C. § 1125(a).

**PLAINTIFFS' OPPOSITION TO MSJ  - 10**

The elements of the unfair competition, false advertising, cause of action under the Lanham Act, 15 U.S.C. § 1125(a) are: (1) Defendants' advertisements were false or misleading; (2) the advertisements deceived, or had the capacity to deceive consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the Plaintiffs have been injured as a result of the false advertising.[6]

Here, Defendants' Motion fails to address all material allegations in the First Amended Complaint related to the cause of action for Lanham Act Unfair Competition. The Defendants' Motion merely provides an altered and misleading quote of the allegation in the FAC that Defendants "forged documents and uttered forged documents to make material misrepresentations as to a franchise relationship with Plaintiffs and AMANN Korea to third parties as alleged AMANN franchisees and franchisees of Plaintiffs."[7] After Defendants' misleading quotation of the FAC, their grand conclusion is "However, these allegations against Defendants are not supported by the record in this action and must be dismissed."[8]

---

[6] *See, Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 244 (9th Cir. 2000). *See* also, *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1224 (11th Cir. 2008); *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). Elements required for a false advertising claim, cognizable under 15 U.S.C. § 1125(a)(1)(B), are set forth in *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003).

[7] First Amended Complaint, Dkt. No. 25, § 43; Compare with, Defendants' Motion, Dkt. No. 51, p. 4, lines 13-22.

[8] Defendants' Motion, Dkt. No. 51, p. 4, lines 23-24.

**PLAINTIFFS' OPPOSITION TO MSJ  -  11**

Defendants want the allegations "dismissed" but does not here provide a hint as to why to "dismiss" the allegations, other than, perhaps, they really want it done. Defendants ignore refuting the allegation that their actions are unfairly competing with Plaintiffs through "deception, forging documents, uttering forged documents, submitting false declarations, fraud, and unfair practices."[9] The Defendants leave open the allegation that they "have direct and full knowledge of Plaintiffs' prior use of and rights in their marks and Lee Confidential Information before the acts complained of herein."[10] Count 1, the Lanham Act Unfair Competition cause of action, incorporated Paragraphs 1 through 41 of the FAC.[11] Defendants' 14-page Memorandum of Points and Authorities in support of their Motion could have used several more pages to discuss and refute each of the FAC's general allegations replete with material allegations in the FAC.[12] Instead, Defendants through together a Motion without addressing the material facts, leaving Plaintiffs to herein consume the pages to demonstrate what Defendants left out of their Motion. Defendants' Motion presents their analysis in conclusory form, scattered among

---

[9] First Amended Complaint, Dkt. No. 25, § 45.

[10] Frist Amended Complaint, Dkt. No. 25, § 54.

[11] First Amended Complaint, Dkt. No. 25, § 42 ("The allegations of Paragraphs 1-41 above are hereby incorporated herein by reference.").

[12] *See*, First Amended Complaint, Dkt. No. 25, § 16-41 (alleging, *inter alia*, Plaintiffs' relationship with AMANN Korea, Defendants' illegally claiming ownership to several trademarks registered with fraudulent statements to the Trademark Office, Defendants' attorneys submitting false declarations to the Trademark Office, promissory estoppel, and other allegations.).

**PLAINTIFFS' OPPOSITION TO MSJ  – 12**

the pages, which Plaintiffs here must herd together to facilitate presentation to this

Court of the failings in Defendants' Motion. As to the Lanham Act Unfair

Competition cause of action, Count I, Defendants seem to provide their argument

in a conclusory statement on page 4.[13] Defendants seem to pop up with another

argument against Count I on page 7, lines 3-12, claiming that Plaintiffs lacked "a

claim on rights or use of a trademark they did not have at the time of Defendants

use of the marks."[14] Plaintiffs allege prior creation and ownership of the relevant

trademarks by Ick Jae Kim of AMANN Korea and license of those rights from Ick

Jae Kim of AMANN Korea, from which Defendant Denny Yi learned of an

appropriated for his own use with his companies, as testified to by Ick Jae Kim in a

deposition on May 22, 2018. Plaintiffs' claims do not require registration of the

trademarks, at least because registration does not prove ownership and Defendants

took control of Plaintiffs' trademarks through fraud upon Plaintiffs and Ick Jae

Kim, fraudulently attaching a facsimile of Ick Jae Kim's signature on a contract

never executed, and obtaining the registration of the trademarks, aided by false

declarations submitted by Defendants' attorneys to the Trademark Office. The

above allegations are recited in the FAC, but Defendants' Motion ignores

addressing those allegations. "With respect to materiality, when the statements of

---

[13] Defendants' Motion, Dkt. No. 51, p. 4, lines 23-24 ("However, these allegations against Defendants are not supported by the record in this action and must be dismissed.").

[14] Defendants' Motion, Dkt. No. 51, p. 7, lines 3-4.

**PLAINTIFFS' OPPOSITION TO MSJ  – 13**

fact at issue are shown to be literally false, the plaintiff need not introduce evidence on the issue of the impact the statements had on consumers."[15] When the Defendants violate the Lanham Act willfully or in bad faith, Plaintiffs are not required to provide a consumer survey or any other extrinsic evidence to prove materiality.[16] Certainly, there were willful and bad faith actions when Defendants placed Ick Jae Kim's signature on an alleged contract which he never agreed to, never was paid on, and which Defendants showed to franchisees/licensees to mislead on authorization by Ick Jae Kim. Ick Jae Kim never authorized applying his signature on any specific contract nor on any contracts in general. Ick Jae Kim never contracted with Defendants in any written document. Defendant Denny Yi in California fraudulently placed Ick Jae Kim's facsimile signature on various contracts while Ick Jae Kim was in Korea, to falsely state to others that he had received written authorization from Ick Jae Kim to use the trademarks, trade dress, and confidential information, to gain contractual relations with others and collect licensing fees to exclude Ick Jae Kim and Plaintiffs from the revenue and participation in the business that he learned from Ick Jae Kim and Jason Lee.

## 4.0    COUNT 2 - UNFAIR COMPETITION AND FALSE ADVERTISING

[15] *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000); *see also*, *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 232 (2d Cir. 2001); *Clorox Co. Puerto Rico v. Procter & Gamble Commercial Co.*, 228 F.3d 24 (1st Cir. 2000).
[16] *See*, *U-Haul Intl., Inc. v. Jartan, Inc.*, 793 F.2d 1034 (9th Cir. 1986).

PLAINTIFFS' OPPOSITION TO MSJ - 14

**UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500, ET. SEQ.**

Defendants attack Count II by alleging that they are the senior users of relevant trademarks.[17] This allegation, open to a genuine factual dispute, does not dispose of the Plaintiffs' allegations in the FAC that Defendants engaged in "deception, forging documents, uttering forged documents, submitting false declarations, fraud, and unfair practices."[18] Without alleging that there is no genuine issue of material fact as to the forged documents and false declarations as claimed in the FAC, Defendants' Motion has not even alleged a lack of factual dispute for this Court to decide on their Motion as to the forged contracts and false declarations.

Defendants also fail to address their attorneys' own participation in Defendants' materially false misrepresentations.[19] Defendants cannot prevail on a Motion for Summary Judgment without even attempting to meet the burden of proving that there are no genuine issues of material fact in dispute on the FAC allegations.[20] This gap in Defendant's Motion, along with other gaps, could have been avoided if the Defendants had actually complied with L.R. 7-3 to conduct a pre-filing conference with Plaintiffs'

---

[17] *See*, Defendants' Motion, Dkt. No. 51, p. 7, lines 13-16.

[18] First Amended Complaint, Dkt. No. 25, §§ 45 & 60.

[19] *See*, FAC, Dkt. No. 25, § 63 ("Defendants' attorneys, as explained above, have participated and aided Defendants in maintaining the materially false misrepresentations to assist Defendants in diverting and extorting funds from third parties and to deprive Plaintiffs of revenue that would have been received but for the Defendants' fraudulent activities.").

[20] *See*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-32 (1986); *Carter v. Exxon Co.*, 177 F.3d 197, 202 (3d Cir. 1999).

**PLAINTIFFS' OPPOSITION TO MSJ – 15**

counsel. Plaintiffs' counsel would bring such a glaring omission to Defendants' counsels' attention, merely by pointing to Paragraph 63 of the FAC. Instead, here we are, having a hearing on an issue that would not have been on the table if Defendants' attorneys followed the procedure that the Court requires.

California Business and Professions Code, California's Unfair Competition Law ("UCL") prohibits any unlawful,[21] unfair,[22] or fraudulent business practice.[23]

Forgery and uttering of a forged document, such as a contract, are crimes in California.[24] Certainly, it is unfair when Defendants forged and/or uttered Ick Jae Kim's signature on the written documents purporting falsely to be executed contracts with Ick Jae Kim of Amann Korea. One example of a fraudulent business practice would be Denny Yi presenting forged contracts to defraud others into relying on his misrepresentation of authorization to use "Snowy Village" and other trademarks for Denny Yi's business enterprise, constituting a fraudulent business practice.

California Business and Professions Code § 17500 makes unlawful any publicly-

---

[21] Act or practice committed in a business activity that is also forbidden by law. *See*, *Pinel v. Aurora Loan Services, LLC*, 814 F. Supp. 2d 930, 937 (N.D. Cal. 2011).

[22] An "unfair business practice" under the UCL is a practice that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *See*, *Pinel v. Aurora Loan Services, LLC*, 814 F. Supp. 2d 930, 940 (N.D. Cal. 2011)

[23] Cal. Bus. & Prof. Code § 17200. A "fraudulent business practice" under the UCL is based on the reasonable consumer standard, which requires Plaintiffs to show that members of the public are likely to be deceived. *See*, *Pinel v. Aurora Loan Services, LLC*, 814 F. Supp. 2d 930, 941 (N.D. Cal. 2011).

[24] Cal. Penal Code § 470.

**PLAINTIFFS' OPPOSITION TO MSJ  – 16**

disseminated statements that are untrue or misleading that also have the intent to induce the public into entering into any obligation.[25]

### 5.0    COUNT 3 - FEDERAL TRADE DRESS INFRINGEMENT

Plaintiffs may assert a claim of infringement of protectible trade dress rights for items that are distinctive and non-functional.[26] Trade dress is not required to be registered.[27] Section 43 of the Lanham Act, 15 U.S.C. § 1125 covers both registered and unregistered marks.[28]

The Defendants' Motion rests on its attack against Count 3 for trade dress infringement on the assertion that Plaintiff's trade dress is not registered.[29] California

---

[25] *See*, *Kanady v. GMAC Mortg., LLC*, 2010 WL 4010289, at * 10 (E.D. Cal. , Oct. 13, 2010) (dismissing a claim when it "fails[s] to identify a publicly disseminated advertisement that was untrue or misleading.").

[26] *Talking Rain Beverage Co. Inc. v. S. Beach Beverage Co.*, 349 F.3d 601, 603 (9th Cir. 2003).

[27] *Dep't of Parks & Recreation for State of cal. V. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1131 (9th Cir. 2006); *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000). *See, also, Disc Golf Association, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 N. 3 (9th Cir. 1998) ("The analysis for determining whether a trade dress or an *unregistered* trademark is protected under section 43(a) of the Lanham Act is essentially the same. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 773, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) (stating that section 43(a) "provides no basis for distinguishing between trademark and trade dress")).

[28] *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204 n. 3 (9th Cir. 2000) ("[t]he provision at issue here - § 43 – protects against infringement of unregistered marks and trade dress as well as registered marks." (citing *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046 (9th Cir. 1988)).

[29] *See*, Defendants' Motion, Dkt. No. 51, p. 4, lines 10-11 ("The Plaintiffs' causes of action nos. 3-4 allege that its trademarks and trade dress (none of which have been registered, much less applied for").

Business and Profession Code §14250 covers all trademarks and service marks entitled to registration under the California trademark laws, whether registered or not.[30] It also covers all marks and trade names that are valid at common law.[31]

Defendants cite *Merchant & Evans v. Roosevelt Bldg. Products Co.*, 963 F.2d 628 (3d Cir. 1992) for the idea that we are discussing a "TRADE DRESS trademark"[32], which is not mentioned in this Third Circuit case. It is difficult to understand why Defendants cite this case instead of a 9th Circuit case, and the Defendants did not provide a pin cite for their list of the elements of federal trade dress infringement.[33]

After reviewing the entire case that Defendants cited, the elements of trade dress infringement listed by Defendants are not only wrong, but not even listed in that *Merchant & Evans* case. Plaintiffs have found a list of trade dress infringement elements in the *Merchant & Evans* case, which are nothing like the elements Defendants claim are provided in the same case. The elements of trade dress infringement from this Third Circuit case are:

"In order to qualify for trade dress protection, the plaintiff must show:

(1) that the imitated feature is non-functional, (2) that the imitated feature has acquired a "secondary meaning," and (3) that consumers are likely to

---

[30] CAL. BUS. & PROF. CODE §§14202, 14250.

[31] CAL. BUS. & PROF. CODE §14259.

[32] Defendants' Motion, Dkt. No. 51, p. 5, lines 12-17 (listing what Defendants claim are the elements of trade dress infringement listed in *Merchant & Evans*).

[33] *See*, Initial Standing Order, July 17, 2017, Dkt. No. 15, p. 6, lines 8-12 (requiring pinpoint citations to legal authority).

confuse the source of the plaintiff's product with that of the defendant's product."[34]

A pre-filing conference would certainly have resolved this issue easily. Alternatively, the Defendants' attorneys could have just as easily tracked the FAC when preparing their Motion.[35]

Trade dress is the "total image of a product," including features such as size, shape, color, texture, and graphics.[36] The 9th Circuit recognizes "the difficulty of applying traditional functionality analysis in the restaurant context."[37]

The Ninth Circuit stated, "To recover for the infringement of a trade dress under the Lanham Act, 15 USC § 1051 et seq., a plaintiff must establish that (1) "the... design is nonfunctional," (2) "the design is inherently distinctive or acquired distinctiveness through secondary meaning," and (3) "there is a likelihood of confusion that the

---

[34] *Merchant & Evans v. Roosevelt Bldg. Pro*, 963 F.2d 628, 633 (3d Cir. 1992).

[35] *See, e.g.*, FAC, Dkt. No. 25, Paragraph 32 (listing "Lee Confidential Information" as including information on marketing and operating Korean-style dessert stores, strategies, trade dress, and other information); Paragraph 66 (incorporating the allegations of Paragraphs 1-65 into the trade dress infringement cause of action); Paragraph 67 (alleging that Lee Confidential Information includes trade dress that is non-functional).

[36] *Disc Golf Association, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 N. 3 (9th Cir. 1998) (""[T]rade dress refers to the total image of a product and may include features such as size, shape, color, color combinations, texture or graphics." *International Jensen, Inc. v. Metrosound U.S.A., Inc.,* 4 F.3d 819, 822 (9th Cir.1993) (internal quotation marks and citation omitted). If a seller uses a trade dress that is confusingly similar to a competitor's, that conduct is actionable as unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *Vision Sports, Inc. v. Melville Corp.,* 888 F.2d 609, 613 (9th Cir.1989).).

[37] *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F. 3d 1252, 1260-61 (9th Cir. 2001).

**PLAINTIFFS' OPPOSITION TO MSJ - 19**

consuming public will confuse [the plaintiff's and the defendant's] product."[38]

Plaintiffs decline to follow the Defendants' Motion's false elements of trade dress of infringement attributed to the *Merchant & Evans* case and requests that this Court apply the Ninth Circuit position on trade dress infringement, once, and if, Defendants ever apply those elements to the FAC.

Functionality is a question of fact,[39] which Defendants have not addressed in their Motion.

### 6.0   COUNT 4 - COMMON LAW UNFAIR COMPETITION LAW

Defendants' Motion distills down their argument as to Count 4 on the "SNOWY VILLAGE trademarks."[40] As stated before, this cause of action, like most of the other causes of action is not only pertaining to a dispute over use and ownership of trademarks, but to the forgery and false declarations described above and in the FAC. A pre-filing conference could have easily highlighted this gaping hole in Defendants' attack on this Count 4.[41] Even a cursory review of Paragraph 73 of the FAC would have alerted Defendants to the fact that the allegations of unfair competition by misappropriation included more than just trademarks.

---

[38] *Disc Golf Association, Inc.*, 158 F.3d at 1005-1006 (9th Cir. 1998).
[39] *Rachel v. Banana Republic, Inc.* 831 F.2d 1503, 1506 (9th Cir. 1987).
[40] Defendants' Motion, Dkt. No. 51, p. 6, line 27 through p. 7, line 2 ("Al three of these causes of action (based on federal, California, or common law) are premised on the unauthorized use of Plaintiffs' SNOWY VILLAGE trademarks.")
[41] *See*, *e.g.*, FAC, Paragraph 73 (alleging that Defendants misappropriated goodwill, reputation, and "Lee Confidential Information, including Plaintiffs' trademarks.").

PLAINTIFFS' OPPOSITION TO MSJ  - 20

The Lanham Act and California law of unfair competition "are substantially congruent."[42] The primary consideration in trademark-related unfair competition cases in California, as elsewhere, is the likelihood of confusion.[43] Defendants do not address this issue.

As shown above regarding Plaintiffs' Lanham Act Unfair Competition cause of action, Defendants' Motion makes no mention of the element(s) of the false or misleading statements are likely to cause confusion or to deceive as to affiliation, connection, or association of Defendants with Plaintiffs or another person (e.g., Ick Jae Kim or Amann Korea); or Defendants' commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of another person's goods, services, or commercial activities; or advertisements deceived, or had the capacity to deceive consumers; (3) the deception had a material effect on purchasing decisions;  and fails to demonstrate that Plaintiffs' stated genuine issue of fact as to the forged and uttered documents need not be resolved at trial.

### 7.0    COUNT 5 - COMMON LAW TRADEMARK INFRINGEMENT

Defendants' Motion asserts that Count 5 for common law trademark infringement fails as Plaintiff do not have prior use of the SNOWY VILLAGE

---

[42] *International Order of Job's Daughters v. Lindeburg and Company*, 633 F.2d 912, 916 (9th Cir. 1980); *Ball v. American Trial Lawyers Ass'n*, 14 Cal. App.3d 289, 303 (1971).

[43] *See, e.g.*, *Ball v. American Trial Lawyers Ass'n*, 14 Cal.App.3d 289, 308 (1971).

trademarks. However, Ick Jae Kim, original creator of the SNOWY VILLAGE trademarks, who never abandoned use of those trademarks, testified on May 22, 2018 that he introduced Defendants to these trademarks, such that there is a genuine issue of material facts as to how Defendants could have used the SNOWY VILLAGE trademarks before Ick Jae Kim and his associates, the Plaintiffs.

Defendants cite *Juan Pollo Franchising, Inc. v. B & K Pollo Enters*., 2015 U.S. Dist. LEXIS 103496, *6-7 (C.D. Cal., Aug. 6, 2015) for common law trademark infringement. This case is helpful to Plaintiffs as it demonstrates that Plaintiffs may rely on prior use outside of California, such as in Korea, China, and Canada.

"Common law trademark infringement requires a plaintiff to establish priority of use. See American Petrofina v. Petrofina of Cal., Inc., 596 F.2d 896, 897 (9th Cir. 1979) ("[W]hoseoever first adopts and uses a trade name, either within or without the state, is its original owner"); Wood v. Apodaca, 375 F. Supp. 2d 942, 947-48 (N.D. Cal. 2005) ("To state a claim of trademark infringement under California common law, a plaintiff need allege only 1) their prior use of the trademark and 2) the likelihood of the infringing mark being confused with their mark.")."[44]

---

[44] *Juan Pollo Franchising, Inc. v. B & K Pollo Enterprises, Inc.*, slip opinion, Case No. 5:13-cv-02010-JGB-SP, p. 3 (C.D. Cal., Aug. 6, 2015). *See also*, *American Petrofina v Petrofina of Calif*, 596 F.2d 896, 897 (9th Cir. 1979) ("Under both California common law and statutes, whosoever first adopts and uses a trade name, either within or without

**PLAINTIFFS' OPPOSITION TO MSJ   -   22**

On May 22, 2018 Ick Jae Kim, the associate and licensor to Plaintiffs[45] testified at a deposition that he created and used the trademarks before anyone and that consumers would be confused by Defendants using the same trademarks.

The elements of California common law trademark infringement are: (1) Plaintiffs own the mark; (2) Defendants used the mark without Plaintiffs' consent; and (3) such unauthorized use is likely to cause confusion, mistake, or deception.[46]

## 8.0    COUNT 6 - INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

Defendants' Motion asserts that Count 6 for intentional interference with contractual relations fails because Plaintiffs have not identified confidential information involved and that Plaintiffs lack evidence as to which contracts between Plaintiffs and third parties did Defendants interfere with.

Plaintiff's Count 6 does not depend solely on confidential information. As stated above, Defendants' wrongdoing included the forging of documents to solicit away Plaintiffs' licensees/franchisees and potential licensees/franchisees. Defendants' Motion fails to address the allegations of forging the contracts shown to third parties.

---

the state, is its original owner. *Weatherford v. Eythison*, 90 Cal.App.2d 379, 202 P.2d 1040 (1949))."

[45] A signed writing is not required to prove an assignment in a common law trademark infringement claim. THOMAS MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 18:11 (4th ed. 2001).

[46] *The New West Corporation v. NYM Company of California,* 595 F.2d 1194, 1201 (9th Cir. 1979).

Certainly, Defendants know of this issue, from reviewing the First Amended Complaint and from Ick Jae Kim's May 22, 2018 deposition testimony.

If Defendants participated in the required pre-filing conference, these simple to understand issues could have been presented by Plaintiffs' counsel, along with reference to the elements of this cause of action.

Intentional interference with contractual relations is established by proving the following elements: (1) a contract between Plaintiffs and a third party;[47] (2) the Defendants knew about the contract;[48] (3) Defendants' conduct prevented performance or made performance more expensive or difficult;[49] (4) Defendants intended to disrupt the performance of this contract or knew that disruption of performance was certain or substantially certain to occur;[50] (5) Plaintiffs were harmed;[51] and (6) Defendants' conduct was a substantial factor in causing Plaintiffs' harm.[52]

## 10.0   COUNT 7 - INTENTIONAL INTERFERENCE WITH

[47] *Shamblin v. Berge*, 166 Cal. App. 3d 118, 123 (1985).
[48] *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 995-96 (1977); *Imperial Ice Co. v. Rossier*, 18 Cal. 2d 33, 37 (1941).
[49] *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 344, 60 Cal. Rptr. 539, 548 (1997); *Dickenson v. Samples,* 104 Cal. App. 2d 311, 316 (1951).
[50] *Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.*, 36 Cal. 3d 752, 765 (1984), *overruled on other grounds, Freeman & Mills, Inc. v. Belcher Oil Co.,* 11 Cal. 4th 85, 102-03 (1995).
[51] *Farmers Ins. Exch. v. State of California,* 175 Cal. App. 3d 494, 506 (1985); *Abrams & Fox, Inc. v. Briney,* 39 Cal. App. 3d 604, 608 (1974).
[52] *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 997 (1977); *Allen v. Powell,* 248 Cal. App. 2d 502, 507-508 (1967).

**PROSPECTIVE ECONOMIC RELATIONS**

Defendants attack Count 7 for intentional interference with prospective economic relations on the same allegations as discussed above regarding Count 6 for intentional interference with contractual relations.  For at least the same failures of Defendants' Motion, as explained above, Defendants fail to support a judgment on this cause of action.

As throughout their Motion, Defendants did not address the claim elements. The elements of intentional interference with prospective economic relations are: (1) Plaintiffs and a third party were in an economic relationship that probably would have resulted in an economic benefit to Plaintiffs;[53] (2) Defendants knew of the relationship;[54] (3) Defendants engaged in fraudulently passing a forged contract to claim authorization from Amann Korea and coercing by threat of lawsuit franchisees/licensees of Plaintiffs to stop paying fees owed to Plaintiffs while insisting on payments from third party to Defendants; (4) by engaging in such wrongful conduct, Defendants intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur;[55] (5) the relationship between

---

[53] *Westside Ctr. Assocs. v. Safeway Stores*, *23, Inc.,* 42 Cal. App. 4th 507, 524, 528 (1996); *Blank v. Kirwan*, 39 Cal. 3d 311, 330-31 (1985).
[54] *Ramona Manor Convalescent Hosp. v. Care Enters*., 177 Cal. App. 3d 1120, 1130-31 (1986).
[55] *Freed v. Manchester Servs., Inc.*, 165 Cal. App. 2d 186, 189 (1958).

**PLAINTIFFS' OPPOSITION TO MSJ   – 25**

Plaintiffs and the third party was disrupted;[56] (6) Plaintiffs were harmed;[57] and (7)

Defendants' conduct was a substantial factor in causing Plaintiffs' harm.[58]

### 11.0   COUNT 8 - BREACH OF CONFIDENCE

Defendants' attack on Count 8, for Breach of Confidence under California law is

an allegation that Plaintiffs provided no identification of confidential information and

no identification of what confidential information was misappropriated.[59]

In California, the elements of a cause of action for breach of confidence are: (1) Novel

idea - An idea must be novel (new) to warrant protection under the theory of breach of

confidence.[60]; (2) Confidential relationship - A confidential relationship exists if there

is an understanding between the parties that the communication offered and accepted is

not to be disclosed to others and is not to be used by the offeree for purposes beyond

the limits of the confidence without the offeror's permission.[61]; (3) Opportunity to

reject communication - The defendant must have had an opportunity to reject the

confidential communication in order to be liable for breach of confidence.[62]; (4)

Discloses or uses idea - The defendant must have actually disclosed or used the

---

[56] *Id.*

[57] *Eltolad Music, Inc. v. April Music, Inc.*, 139 Cal. App. 3d 697, 703 (1983).

[58] *Id.*

[59] Defendants' Motion, Dkt. No. 51, p. 12 (internal page 9), lines 4-5 ("Since Plaintiffs cannot even identify what the confidential information is and what was improperly disseminated, there can be no finding of interference or breach.").

[60] *Tele-Count Engineers, Inc. v. Pacific Telephone*, 168 Cal. App. 3d 455, 462 (1985).

[61] *Id.*, at 464-65.

[62] *Ojala v. Bohlin*, 178 Cal. App. 2d 292, 300, 2 Cal. Rptr. 919 (1960).

confidential idea.[63]; and (5) Causation and Damage - The disclosure of the confidential idea must be the proximate cause of plaintiff's damages.[64]

## 12.0   COUNT 9 - PROMISSORY ESTOPPEL

Defendants contest Count 9 for promissory estoppel with their allegation that "Plaintiff's cause of action no. 9 alleges that in exchange for disclosure of the confidential information by Plaintiff LEE, Defendants agreed to pay a licensing fee."[65] The only argument they present is their position that there is a lack of evidence identifying the relevant confidential information, as discussed above.

The elements of promissory estoppel are: (1) Defendants made to Plaintiffs a clear and unambiguous promise; (2) Defendants breached that promise; (3) actual reliance; (4) reasonable and foreseeable reliance; (5) detrimental reliance; and (6) injustice that can be avoided only by enforcement of the promise.

## 13.0   COUNT 10 - CANCELLATION OF TRADEMARK REGISTRATION – REGISTRATION NO. 5281950

---

[63] *Tele-Count Engineers*, 168 Cal. App. 3d, at 462-465.
[64] *Donahue v. Ziv Television Programs, Inc.*, 245 Cal. App. 2d 593, 605 (1966).
[65] Defendants' Motion, Dkt. No. 51, p. 11 (internal page 8), lines 5-7.

Defendants presented their entire argument against Counts 10 and 11 in a footnote. They base their position on an assertion that no grounds for cancellation exist due to their view that Plaintiffs are junior users to the respective trademarks.[66]

As explained previously, Defendants are apparently avoiding the allegations in the FAC that Defendants passed forged contracts, with unauthorized signatures of Ick Jae Kim, The causes of action for trademark registration cancellation are not based solely on who used the trademarks first, but that Defendants and Defendants' attorneys submitted false declarations to the United States Patent and Trademark Office, intentionally misrepresenting whether Defendants were aware of others claiming rights to the same trademarks. Defendants knew at the time, and the attorneys knew at the time, that Plaintiffs and Ick Jae Kim claimed prior rights to the trademarks in the applications for registration. Even if Defendants and Defendants' attorneys sincerely believed that neither Plaintiffs nor Ick Jae Kim possessed valid rights senior to Defendants, the declarations were still false and intending to mislead when stating to that Defendants were not aware of third parties claiming rights to the trademarks in the applications.

To cancel a trademark registration, the Plaintiffs must prove: (1) Plaintiffs are damaged from continuing registration of the logo registered in Registration No.

---

[66] Defendants' Motion, Dkt. No. 51, p. 10 (internal page 7), Footnote 1 ("Since, Plaintiff cannot assert senior use or senior rights to the trademarks, there is no grounds for cancellation of the marks.").

5,281,950 from Defendants' false claim of ownership; (2) Defendants' logo in Registration No. 5,281,950 registration was issued improperly, is invalid, and should be cancelled; and (3) the registration was obtained by fraud.

To prevail on a cause of action for cancellation based on fraud, a claimant must establish the following elements: (1) a false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false; (3) the registrant's intent to induce reliance upon the misrepresentation; (4) actual, reasonable reliance on the misrepresentation; and (5) damages proximately caused by that reliance.[67]

Senior rights or junior rights are not elements of a cause of action for cancellation based on applicant's fraud upon the United States Patent and Trademark Office. A pre-filing conference could have resolved this issue in short order. Instead, Defendants dropped a footnote with no analysis, and here we are spending time to oppose this assertion.

## 14.0   COUNT 11 - CANCELLATION OF TRADEMARK REGISTRATION – SNOWY VILLAGE

As described above, the Defendants' Motion fails to show an absence of genuine issues of material fact for the cancellation of trademark registrations in the First Amended Complaint. Defendants did not even lay out the elements or present even an allegation that the elements could not be established by Plaintiffs.

## 15.0   CONCLUSION

---

[67] *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1097 (9th Cir. 2013).

Plaintiffs respectfully request that this Court deny the Defendants' Motion for at least the reasons discussed above. Importantly, a genuine issue of material fact exists as to whether Defendants forged contracts to defraud Plaintiffs and Plaintiffs' licensees/franchisees, whether Ick Jae Kim created the trademarks and communicated those trademarks to Defendants before Defendants started using those trademarks, and whether the Ick Jae Kim physically signed contracts without consideration-and in relation to the automatic admissions, can be resolved to support Plaintiffs' causes of action.

November 9, 2018

_____/s/ Frederic M. Douglas_____
Frederic M. Douglas

Frederick W. Lee
Calif. State Bar # 201516
Law Offices of Frederick W. Lee APC
315 Centennial Way
Tustin, California 92780
Tel: (714) 838-1234
Fax: (714) 838-1245
fredleelaw@gmail.com

Frederic M. Douglas
Calif. State Bar # 212778
Attorney At Law
15333 Culver Drive, Suite 340
Irvine, California 92604-3051
Tel: (949) 293-0442
Fax: (949) 203-8768
fdouglas@cox.net

**PLAINTIFFS' OPPOSITION TO MSJ   – 30**

## <u>Certificate of Service</u>

I hereby certify that on November 9, 2018, I filed the foregoing document **PLAINTIFFS AMANN USAS INC. & JASON LEE'S OPPOSITION TO DEFENDANTS SNOWY VILLAGE USA, INC. & DENNY CHANG K. YI'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; DECLARATION OF JASON LEE & EXHIBITS; DECLARATION OF FREDERIC M. DOUGLAS & EXHIBITS; SEPARATE STATEMENT OF GENUINELY DISPUTED FACTS**

by email attachment, pursuant to mutual agreement, upon Jake Jung, counsel for Defendant Denny Chang K. Yi, (jakejung@yleelaw.com), Yohan Lee (ylee@yleelaw.com), and Chong Roh (croh@yleelaw.com), on this the 9th day of November 2018.


<u>/s/ Frederic M. Douglas</u>

Frederic M. Douglas


**PLAINTIFFS' OPPOSITION TO MSJ   - 31**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**PLAINTIFFS' OPPOSITION TO MSJ  - 32**